UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN REICHOW,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON<br><br>DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Defendant. | Case No. 3:24-cv-05846-TMC<br><br>ORDER GRANTING MOTION TO DISMISS |

　　　　Before the Court is pro se Plaintiff's Stephen Reichow's objection to the Court's Order construing his complaint as a civil rights action under 42 U.S.C. § 1983, and his motion to withdraw the complaint. Dkt. 8. Mr. Reichow filed a document entitled "Petition for Emergency Injunction" in which he appears to argue that confinement in administrative segregation at Stafford Creek Corrections Center (SCCC) violated his Constitutional rights due to inadequate access to the law library or legal resources. Dkt. 1. On October 7, 2024, United States Magistrate Judge Brian A. Tsuchida construed Mr. Reichow's filing—which contained no facts indicating he required emergency relief—as a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 5 at 1-2. Judge Tsuchida advised Mr. Reichow that to proceed with the 42 U.S.C. § 1983 action he must either pay the filing fee of $405.00 or file a proper application to proceed in forma pauperis

ORDER GRANTING MOTION TO DISMISS - 1

(IFP) by November, 4, 2024. *Id.* at 2. The Order also directed Mr. Reichow to "clarify the intent of his filing with the Court" by November 4 if the document was not intended as a 42 U.S.C. § 1983 action. *Id.*

On November 5, 2024, Judge Tsuchida issued a report and recommendation (R&R) recommending that the matter be dismissed with prejudice because Mr. Reichow had failed to pay the filing fee or apply to proceed IFP by November 4. Dkt. 7 at 1. In fact, Mr. Reichow had filed a response by November 4, but due to an administrative delay, the Court only learned about it after the R&R was entered. *See* Dkt. 8. Mr. Reichow objected to the Court construing his complaint as a 42 U.S.C. § 1983 action and filed the present motion to withdraw. *Id*. Judge Tsuchida's R&R and Mr. Reichow's motion are now before this Court and the motion is ripe for the Court's determination.

Mr. Reichow's motion to withdraw may be construed as a motion to voluntarily dismiss his complaint. The Court must "liberally construe" filings by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his motion, Mr. Reichow writes, "I learned that I must exhaust my administrative remedies before filing a civil rights action, or else my action will be dismissed, and I will be subject to a PLRA 'strike' and filing fees." Dkt. 8 at 4. The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), established the "three-strikes rule," which prevents a prisoner from bringing suit *in forma pauperis* if he has had three or more "prior suits dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 597 (2020).

Mr. Reichow correctly notes that if the Court allows him to voluntarily withdraw his complaint the dismissal would not count as a strike under 28 U.S.C. 1915(g). *Gordon v. Malcolm*, No. C05-5838RBL, 2006 WL 167943, at *2 (W.D. Wash. Jan. 23, 2006) ("such a

ORDER GRANTING MOTION TO DISMISS - 2

voluntary dismissal will not count as a 'strike'"); *Sutton v. Warner,* No. 318CV05236BHSJRC, 2018 WL 7107932, at *1 (W.D. Wash. Dec. 27, 2018), report and recommendation adopted, No. C18-5236 BHS, 2019 WL 291694 (W.D. Wash. Jan. 23, 2019) ("a voluntary dismissal is presumptively not a strike pursuant to § 1915"). Given the "benefit of liberal construction," Mr. Reichow's "motion to withdraw" to prevent a strike may be interpreted as a motion for voluntary dismissal. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Erickson*, 551 U.S. at 94).

Federal Rule of Civil Procedure 41 sets forth the conditions under which an action may be dismissed. *Palmer v. Washington*, No. 318CV05262BHSDWC, 2019 WL 6312439, at *2 (W.D. Wash. Oct. 28, 2019), report and recommendation adopted, No. C18-5262 BHS, 2019 WL 6310736 (W.D. Wash. Nov. 22, 2019). Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order before a party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); *see also Richardson v. Sherman*, 773 F. App'x 906, 907 (9th Cir. 2019) ("[Plaintiff] had an absolute right to a dismissal without prejudice because he filed a notice of voluntary dismissal before the appellee filed an answer or moved for summary judgment.")

Mr. Reichow moved to voluntarily dismiss his case before an answer or motion by Defendants. Accordingly, the Court GRANTS Mr. Reichow's motion to voluntarily dismiss, Dkt. 8, and dismisses this case WITHOUT PREJUDICE. The Court declines to rule on Judge Tsuchida's Report and Recommendation, Dkt. 7, as it is now moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of November, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 4